UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUSTYN PATRICK COURSON,

      Plaintiff,

v.                                Case No. 3:22-cv-749-BJD-JBT

THE FLORIDA DEPARTMENT
OF CORRECTIONS,

      Defendant.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system currently housed at Florida State Prison, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. He is proceeding on an Amended Complaint. Doc. 4. He sues one Defendant – the Florida Department of Corrections (FDOC). *Id.* at 2.

Plaintiff's allegations are somewhat incoherent and written in a narrative form. He seems to allege that he suffers from scoliosis and needs medical attention. *Id.* Plaintiff asserts that he has requested leg braces, declared medical/psychological emergencies, and asked for sick-call visits and referrals while housed at various institutions over the years, including Wakulla Correctional Institution, Columbia Correctional Institution, Santa Rosa Correctional Institution, and Florida State Prison. *Id.* at 24. But

according to Plaintiff, all his requests were denied. He also contends that he has repeatedly asked officials to provide him with the necessary form to request a disability accommodation, but officials have denied those requests as well. He claims that as a result of these denials, he continues to suffer spinal ailments. As relief, he requests, *inter alia,* "spinal fusion surgery," "as much money as possible," the ability to do or have anything he wants in prison, the ability to go on trips outside of prison, leg braces, and "complete reconstructive surgery on [his] face and whole body to perfect all of [his] bones and their placements." *Id.* at 21-22 "

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1). The Court liberally construes the pro se plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x. 982, 982 (11th Cir. 2017) (citing *GJR Inv., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of

Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id.* (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *See Salvato v. Miley*, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." *Rehberger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or

3

violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Here, Petitioner only sues the FDOC. But state and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of a § 1983 action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). The FDOC is an arm of the executive branch of the state government, *see* Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983. As such, this case will be dismissed without prejudice to Plaintiff's right to refile his claims under 42 U.S.C. § 1983 with sufficient factual allegations to support a claim against a proper defendant if he elects to do so.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of August, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C:   Justyn Patrick Courson, #J43079

5